By the Court, Bronson, J.
At the common law, although a factor could sell the goods of his principal, he had no incidental authority to dispose of them in any other way. He could not barter or pledge the property, or deposit it as a security for his own debt, or for advances made for his own benefit. This rule sometimes operated as a hardship upon those who dealt with the factor in the belief that he was the true owner, and the statute 6 Geo. 4, ch. 94, was made to remedy the mischief. (Paley On Agency, Append. No. 1.) Since that time our own legislature has passed an act for the amendment of the law relative to principals and factors, (Stat. 1830, p. 203.) The defendant insists that by virtue of the third section of this statute he can hold the goods for the amount of his advances to Colgate, the plaintiffs’ factor, although he knew at the time of making the advances that he was not dealing with the owner of the goods. To that doctrine I can by no means subscribe. The statute was not made to legalize fraud; but to protect those who honestly trusted to appearances, and supposed they were dealing with the true owner. The first section provides, that every person in whose name any merchandize shall be shipped, shall be deemed the true owner thereof, so far as to entitle the consignee to a lien for advances &c. But this is qualified by the second section, which expressly takes away the lien where the consignee had notice, by the bill of lading or otherwise, before advancing the money, that the person in whose name the goods were shipped was not the actual owner. By the third section, “ Every factor or other agent, entrusted with the possession of any bill of lading, custom-house permit, or warehouse-keeper’s receipt for the delivery of any such merchandize, and every such factor or agent not having the documentary evidence of title, who shall be entrusted with the possession _ of any merchandize for the purpose of sale, or as a security for any advances to be made or obtained thereon, shall be deemed to be *514 the true owner thereof so far as to give validity to any contract made by such agent with any other person, for the sale or disposition of the whole" or any part of such merchandize, for any money advanced, or negotiable instrument or other obligation in writing given by such other person on the faith thereof” In strict grammatical construction, the words “on the faith thereof ”'may refer to “.merchandize” as the last antecedent. But in point of good sense, as well as sound morals, the reference is to the words “ shall be deemed to be the true owner thereof.” ' The obvious meaning is, that the factor or other agent who has been entrusted with certain documentary evidence of title, or with the possession and ostensible ownership of the property, shall be deemed the true owner, so far as may be necessary to protect those who have dealt with him “ upon the faith thereof;” that is, upon the faith, induced by the usual indicia of title, that he was the true owner of the property. The second section of the British statute, which answers very nearly to the third section of our own, contains a proviso which expressly saves the rights of the true owner where the pledgee had.notice that he was dealing with an agent; and our statute, though framed in a different manner, was evidently designed to produce the same result. It is impossible to suppose that th'é legislature intended to enable the factor to commit a fraud upon his principal, by pledging or obtaining advances upon the goods for his own purposes, when the pledgee or person making the advances knew that he was not dealing with the true owner. Indeed, by the seventh section the factor may be punished criminally for such a transaction; and so also of the person dealing with him, when he knew that the factor intended to apply the money to his own use, contrary to good faith, and with intent to defraud tlm true owner of the goods. The construction which I have given'to the third section is confirmed by the provision made by the first and second sections in favor of the consignee. He has no lien for advances to the person in whose name the goods were shipped, when he knew that such person was. not the actual owner. And why should one dealing with a factor stand upon a better footing? No good reason can be assigned. Both are protected *515 where they part with their money honestly trusting to the usual evidence of ownership. But neither can acquire a lien as against the true owner where they have notice of his title.
It is said that this construction will make a great inroad upon the usual course of mercantile transactions, and that hereafter no one can safely deal with a factor or commission merchant. Men may safely purchase from a factor, knowing him to be such, for the reason that a sale is within the general scope of his authority. But he has no power to barter, pledge, or create a lien upon the goods of his principal; and persons who deal with a factor for any of these purposes, with a knowledge of the character in which he acts, can'acquire no rights as against the real owner. If it is desirable in any case that the factor should have the right to pledge as well as to sell the goods, such a power can easily be conferred by the principal. And it may better be left to a conventional arrangement in each particular case, than to give the factor a legal right in all cases to exercise an unlimited control over the goods of his principal. We are not aware that a different view of the question has been taken among commercial men. But if a practice has sprung up, under color of the late factor law, of dealing with a known agent as though he were the true owner for all purposes, the error cannot be too soon corrected.
Whether the factor, without any special delegation of authority for that purpose, may pledge the goods to raise money for the benefit of his principal, or whether he may pledge the property "to the extent of any lien he may have upon it, are questions which do not arise upon this bill of exceptions. Colgate had no lien upon the goods. He was a debtor to the plaintiffs. And the defendant made the advances to the factor with the knowledge that the plaintiffs were the owners of the property. No lien could be acquired under such circumstances.
Judgment affirmed.